UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARY COSGROVE,

        Plaintiff,                Case No. 2:25-CV-14067

v.                                      Hon. Brandy R. McMillion
                                        United States District Judge

OSCELOA, COUNTY OF
et. al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

Before the Court is Plaintiff Cary Cosgrove's ("Cosgrove") *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff Cosgrove is a state inmate confined at the Genesee County Jail in Flint, Michigan. Having reviewed his case and Cosgrove's litigation history in the federal courts, this Court dismisses the case without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee, plus a $ 55.00 administrative fee, when he filed his Complaint.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does allow prisoners the opportunity to make a "downpayment" of a partial filing fee and subsequently pay the remaining fee in installments. *See Boussum v. Washington,* 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023); *reconsideration denied,* 655 F. Supp. 3d 636 (E.D. Mich. 2023). Because Plaintiff did not submit the necessary filing fee for a civil action, the Court will construe his complaint as a request to proceed *in forma pauperis*. *See Szymanski v. U.S. Marshall*, No. 14-cv-10305, 2014 WL 1308821, at *1 (E.D. Mich. Mar. 28, 2014).

The PLRA states that a federal court should dismiss a prisoner's *in forma pauperis* case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in

2

imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539. A federal court is allowed to take judicial notice of an incarcerated plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x 483, 485-86 (6th Cir. 2005).

A review of Court records reveals that Plaintiff has three prior cases that were dismissed for being frivolous, malicious, or for failing to state a claim upon which relief can be granted. *See Cosgrove v. McLain*, No. 1:17-cv-11691 (E.D. Mich. July 14, 2017); *Cosgrove v. Labelle,* No. 2:16-cv-194, 2016 WL 6436677 (W.D. Mich. Nov. 1, 2016)*; Cosgrove v. Corrunna Police Dep't,* No. 2:15-cv-11418, 2015 WL 4243374 (E.D. Mich. July 13, 2015). Because he has had at least three prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted, his current complaint is subject to dismissal.[1]

Additionally, Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within

---

[1] The fact that Plaintiff's 2015 case was dismissed without prejudice for failure to state a claim for relief, *Cosgrove v. Corrunna Police Dep't,* 2015 WL 4243374, *3, does not mean that the case does not count as a strike under 1915(g). Regardless of whether the dismissal of prisoner's prior civil action is with prejudice or without prejudice, the dismissal of a prisoner's civil lawsuit, for failure to state a claim, counts as a strike under the PLRA's three-strikes rule for *in forma pauperis* (IFP) status. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25, 1727 (2020).

3

the exception to the mandate of 28 U.S.C.§ 1915(g). *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019). Cosgrove is therefore prohibited from proceeding *in forma pauperis* in light of his three prior frivolity dismissals.

The Court will note that this is a dismissal without prejudice. While Plaintiff's civil rights complaint shall be dismissed pursuant to § 1915(g), Plaintiff may resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Further, the Court cannot certify that any appeal in this case would be in good faith.

\* \* \*

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff is **DENIED** *in forma pauperis* status and the Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND CERTIFIED** that any appeal taken would not be done in good faith.

*This is a final order that closes the case.*

**IT IS SO ORDERED.**

Dated: January 16, 2026         s/Brandy R. McMillion
                                Hon. Brandy R. McMillion
                                United States District Judge

4